IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 5, 2008

## STATE OF TENNESSEE v. BRIAN FOSTER VISE

**Appeal from the Circuit Court for Bedford County
No. 16013     Lee Russell, Judge**

---

**No. M2007-00153-CCA-R3-PC - Filed June 4, 2008**

---

The Defendant, Brian Foster Vise, was convicted of facilitation of aggravated burglary and filing a false police report, Class D felonies, and facilitation of theft of property valued under $500, a Class B misdemeanor. The Defendant received a sentence of thirty days for the misdemeanor. The trial court sentenced him as a Range II, multiple offender to seven years for each felony conviction, ordering the seven-year sentences to be served consecutively. On appeal, he presents a single issue for our consideration: whether the trial court erred by ordering consecutive sentences. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JERRY L. SMITH, J., joined.

John Price, Murfreesboro, Tennessee, for the appellant, Brian Foster Vise.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Charles Crawford, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

The Bedford County Grand Jury indicted the Defendant for aggravated burglary, filing a false police report, and theft of property valued between $1,000 and $10,000, and he elected to be tried by a jury. We will not detail the testimony presented at his trial because only a sentencing issue is raised on appeal. However, the evidence adduced can be briefly summarized as follows.

Several residences in northern Bedford County were burglarized on the evening of December 2, 2005, and the early morning hours of the following day. One burglarized home belonged to Chris

Heard. Among other items Heard reported stolen were a bottle of prescription medication bearing his name and two electronic speakers. After Heard reported the break-in, police discovered the Defendant's van outside another unoccupied home in northern Bedford County. The van's engine was running, the interior lights were on, and the doors were open, but the Defendant could not be located anywhere nearby. The van was seized by the police. Police later found Heard's missing medication and speakers inside the van.

The next day, the Defendant filed a report at the local police station alleging that he had been carjacked the night before. Specifically, he claimed that two hitchhikers had beaten him before stealing his van. He gave detailed descriptions of the two men and expressed his willingness to work with a sketch artist if necessary. After the Defendant gave this statement, the police began an investigation into his alleged carjacking.

Because the Defendant reported that he had been carjacked after 10:00 p.m., and Heard's residence was burglarized before 10:00 p.m., the police suspected that the Defendant had been in possession of his van when Heard's house was burglarized. The Defendant was again questioned, and he gave a conflicting statement, claiming that he had loaned the van to two men around 9:00 p.m. and that they did not return the van. At the close of the trial, the jury convicted him of facilitation of aggravated burglary, filing a false police report, and facilitation of theft of property valued under $500.

At a subsequent sentencing hearing, the Defendant's wife, Sarah Vise, testified that the van was not registered to the Defendant on the night of the offenses. His mother, Sherry Johnson, testified that when he was a child, the Defendant had a life-threatening illness, Hodgkin's disease, that negatively affected his general attitude. His step-father, Weston Johnson, testified that the Defendant worked for him for two years installing commercial telephone systems and that he was a dependable and reliable employee. A former client testified that he did quality work re-organizing her office telephone system and that he was a nice person. The Defendant did not testify.

Also at the sentencing hearing, the State introduced the twenty-eight-year-old Defendant's presentence report evincing thirteen previous criminal convictions and juvenile court delinquency adjudications: (1) vandalism up to $500 (juvenile); (2) possession of a weapon with the intent to go armed (juvenile); (3) aggravated arson (juvenile); (4) two separate adjudications for aggravated burglary (juvenile); (5) two separate adjudications for theft of property valued between $1,000 and $10,000 (juvenile); (6) resisting arrest (juvenile); (7) possession of not less than one-half an ounce of marijuana; (8) sale of not less than one-half an ounce of marijuana; (9) sale of LSD; (10) assault; and (11) burglary.

The presentence report reflects that the Defendant is married and has one child from a previous marriage. He received an "institutional GED" while incarcerated at Brushy Mountain Correctional Institute. The presentence report further reflects that the Defendant had twice previously committed offenses while on probation. In addition, the report shows that the instant offenses were committed while the Defendant was on parole after serving four years of an eight-year

sentence for the conviction for sale of LSD. At the time he was sentenced, the Defendant was facing a parole revocation proceeding.

After hearing argument, the trial court noted that the Sentencing Reform Act requires that it first determine the Defendant's offender classification and sentence range. Based on his criminal record, it was undisputed that he was properly classified as a Range II multiple offender. See Tenn. Code Ann. § 40-35-106(a)(1). The trial court then determined that facilitation of aggravated burglary and filing a false police report were Class D felonies; see Tennessee Code Annotated sections 39-14-403, -11-403, -16-502; and that facilitation of theft under $500 was a Class B misdemeanor; see Tennessee Code Annotated sections 39-14-103, -11-403. Accordingly, the trial court reasoned that, for the felony offenses, the Defendant's potential range of sentence was not less than four nor more than eight years. See Tenn. Code Ann. § 40-35-112(b)(4).

The trial court noted that it should begin with the four-year minimum unless it found that one or more statutory enhancement factors applied; however, it found that four factors did apply. First, the court determined that the Defendant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range. See Tenn. Code Ann. § 40-35-114(1). Second, the court concluded that the Defendant had failed to comply with the conditions of a sentence involving release into the community prior to his trial or sentencing in the instant matter. See Tenn. Code Ann. § 40-35-114(8). Thirdly, the court recognized that the Defendant committed the offenses for which he was being sentenced while he was on parole for a previous criminal conviction. See Tenn. Code Ann. § 40-35-114(13)(B). And finally, the court decided that the Defendant was adjudicated to have committed acts as a juvenile that would have constituted felonies if he had committed them as an adult. See Tenn. Code Ann. § 40-35-114(16).

Based on these enhancement factors, the trial court elevated the Defendant's sentence from four to seven years for both felonies. For the misdemeanor, the trial court imposed a thirty-day sentence. The trial court found that no mitigating factors applied.

Following these determinations, the trial court took up the issue of whether the Defendant's sentences should be ordered to be served consecutively or concurrently. The court noted that the sentences must be ordered to be served concurrently unless it found that one or more of seven factors enumerated in Tennessee Code Annotated section 40-35-115(b) applied. See Tenn. Code Ann. § 40-35-115(d). The court then concluded that the Defendant did "have a very extensive criminal record for someone his age. The only time period when he hasn't been committing very serious crimes is those four years that he was in the penitentiary." See Tenn. Code Ann. § 40-35-115(b)(2) (allowing trial courts to order consecutive sentencing if it is found by a preponderance of the evidence that a defendant "is an offender whose record of criminal activity is extensive"). The trial court stated that this factor clearly supported its order that the Defendant's felony sentences would be served consecutively.

Lastly, the trial court reasoned that alternative sentencing was not an option for the Defendant because, based on the fact that he had previously committed additional offenses while on probation

and parole, he posed a high risk of continuing to commit crimes if released into the community. Specifically, the trial court stated that "several times when [the Defendant has received] alternative sentencing in the past, up to and including the fact that he was on parole at the time this happened, [on] at least three occasions, then he has failed to meet the terms" of the alternative sentence.

The Defendant now appeals from the trial court's determination that his felony sentences should be served consecutively.

## ANALYSIS

On appeal, the Defendant argues that his "criminal history is not extensive to the length of using [Tennessee Code Annotated section 40-35-115(b)(2)] to run his convictions consecutive to one another." In support of this contention, the Defendant asserts that many of his previous convictions arose from singular events. Specifically, he highlights the fact that three of the five offenses he committed while an adult "can be argued sprang from the same criminal episode." Further, he states that "most" of the offenses he committed as a juvenile occurred within a single six-month time period. As a result, the Defendant asserts that the trial court erred by imposing consecutive sentences based on his criminal record.

Before a trial court imposes a sentence upon a convicted criminal defendant, it must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b); see also State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001).

Upon a challenge to the sentence imposed, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then the presumption is applicable, and we may not modify the sentence even if we would have preferred a different result. See State v. Fletcher, 805 S.W. 2d 785, 789 (Tenn. Crim. App. 1991).

We will uphold the sentence imposed by the trial court if (1) the sentence complies with the purposes and principles of the 1989 Sentencing Act and (2) the trial court's findings are adequately supported by the record. See State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; Arnett, 49 S.W.3d at 257.

Initially, we conclude that in this case, the presumption of correctness regarding the trial court's determinations applies because the transcript of the Defendant's sentencing hearing demonstrates that the trial court imposed a lawful sentence after following the statutorily mandated sentencing procedures.[1] See Fletcher, 805 S.W. 2d at 789.

We also must reject the Defendant's argument that his record of criminal activity is not "extensive" within the meaning of Tennessee Code Annotated section 40-35-115(b)(2). A review of the Defendant's record of criminal convictions and delinquency adjudications reveals that he has committed more than one and as many as five offenses a year during any period of time he has not been incarcerated since he was sixteen years old. In addition to the instant crimes, he has prior burglary offenses and prior felony theft offenses. He has also been previously convicted of assault and found as a juvenile to have committed aggravated arson. Accordingly, the trial court did not err by finding that the Defendant's record of criminal activity is extensive. Nor did the trial court err by ordering consecutive sentences based on that finding. See State v. Palmer, 10 S.W.3d 638, 647–49 (Tenn. Crim. App. 1999).

### Conclusion

Based on the foregoing authorities and reasoning, we affirm the trial court's order of consecutive sentencing.

_____
DAVID H. WELLES, JUDGE

---

[1] On appeal, the Defendant presents a very brief secondary argument that the trial court failed to consider "the principles of sentencing" in his case. On the contrary, as we have stated here, the record shows that the trial court did consider relevant sentencing principles and procedures as mandated by statute.